UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**JURIAH JORDAN RONCAL,**

    **Plaintiff,**

v.                                              Case No. 2:18-cv-01311

**DUNBAR POLICE DEPARTMENT,
OFFICER DAVID HARVEY, and
OFFICER ROBERT RADER,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

    This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  Pending before the court are the following motions: (1) defendant Dunbar Police Department's Motion to Dismiss (ECF No. 9); (2) defendant David Harvey and Robert Rader's Motion for Summary Judgment (ECF No. 17); and (3) defendant Dunbar Police Department's Motion for Summary Judgment (ECF No. 19).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    The plaintiff's Complaint, which was filed on September 24, 2018, arises out of a use of force by the defendants against the plaintiff during his arrest on March 3, 2017.  On March 4, 2019, defendants David Harvey ("Harvey") and Robert Rader ("Rader") filed an Answer to the Complaint (ECF No. 10).  On March 5, 2019, the Dunbar Police Department ("DPD") filed a Motion to Dismiss (ECF No. 9) and Memorandum of Law (ECF No. 11),

asserting that the Complaint fails to state a plausible claim for relief against it because it is not a separate suable entity from the City of Dunbar. Moreover, the DPD's motion documents assert that the Complaint fails to allege that the City of Dunbar or its Police Department committed any improper or unlawful act. Rather, the DPD asserts that the Complaint appears to name it solely as the employing agency of the two individually named officers who were involved in the plaintiff's arrest.

On March 6, 2019, the undersigned entered an Order directing the plaintiff to respond to the DPD's motion by March 20, 2019, with the DPD's reply due by March 27, 2019. (ECF No. 12). However, the plaintiff failed to file any response to the DPD's motion.

On April 10, 2019, the undersigned entered a Time Frame Order setting deadlines for discovery and dispositive motions with respect to the claims against Harvey and Rader. (ECF No. 13). The Time Frame Order also contained a notice, in accordance with the decision in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the *pro se* plaintiff that he had a right and obligation to respond to any motion for summary judgment filed by the defendants, and that the failure to respond could result in the entry of summary judgment denying the relief sought in the Complaint.

The defendants attempted to send the plaintiff written discovery requests, which went unanswered. Thus, the defendants filed a Motion to Compel (ECF No. 15), which has been denied as moot by separate order. On September 17, 2019, the defendants filed a motion for rulings and/or extension of the discovery deadline (ECF No. 16), which has also been denied as moot.

On November 15, 2019, the defendants filed Motions for Summary Judgment (ECF Nos. 17 and 19). The DPD's motion repeats the argument made in its Motion to Dismiss that it is not a suable entity and that the plaintiff has failed to establish any valid claim

against it. (ECF Nos. 17 and 18). Harvey and Rader's motion asserts that the plaintiff has not established that their conduct violated his constitutional rights and, thus, they are entitled to qualified immunity. With their motion, these defendants have submitted an Affidavit of David Harvey, setting forth his version of the events surrounding the plaintiff's arrest, and including the police report and a use of force report. (ECF No. 18, Attach. 1).

The plaintiff did not respond to either motion for summary judgment by December 6, 2019, in accordance with the Time Frame Order. It appears that the plaintiff has been released from custody and failed to notify the court or the defendants of his updated contact information, as he was previously directed to do (ECF No. 4), and his current whereabouts are unknown.

## **ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).

The plaintiff's failure to respond to the defendants' motions and failure to notify the court and the defendants of his release from custody and his updated contact information has prejudiced the ability to address this matter on the merits. While it appears that the plaintiff may have abandoned his claims upon his release from custody, it is unclear when the plaintiff was released and if he received the defendants' motion documents and the undersigned's orders to respond thereto. Accordingly, while it further appears that the defendants' motions may be meritorious, the undersigned is hesitant to recommend a disposition on the merits.

Thus, because the inability to move this matter forward lies exclusively with the plaintiff, dismissal appears to be the only appropriate sanction. However, due to the uncertainty of whether the plaintiff received the defendants' motion documents and the undersigned's orders, a dismissal without prejudice may be less drastic.

### RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to prosecute this civil action, and it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and **DENY WITHOUT PREJUDICE** the defendants' pending Motion to Dismiss (ECF No. 9) and Motions for Summary Judgment (ECF Nos. 17 and 19).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from

the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff at his last known address and to transmit a copy to counsel of record.

December 9, 2019

Dwane L. Tinsley
United States Magistrate Judge